**ATTACHMENT A**

1

2

3

4

5

6

7

8

9

THE HONORABLE KEN SCHUBERT

10

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

11

12

| STATE OF WASHINGTON, | NO. 22-2-18046-3 SEA |
|---|---|
| Plaintiff, | ORDER DENYING STATE OF WASHINGTON'S MOTION FOR PRELIMINARY INJUNCTION AND EXTENDING TEMPORARY RESTRAINING ORDER UNTIL 4:30 PM ON DECEMBER 19, 2022 |
| v. | |
| ALBERTSONS COMPANIES, INC.; ALBERTSON S COMPANIES SPECIALTY CARE, LLC; ALBERTSON'S LLC; ALBERTSON'S STORES SUB LLC; THE KROGER CO.; KETTLE MERGER SUB, INC, | |
| Defendants. | |

13

14

15

16

17

18

19

20

This matter came before the Court for hearing on the State's Motion for Preliminary Injunction on December 9, 2022. The Court heard argument from the parties and considered the pleadings and record before the Court, including the following:

21

22

23

24

ORDER - 1

JUDGE KEN SCHUBERT
KING COUNTY SUPERIOR COURT
401 FOURTH AVENUE NORTH, ROOM 2D
KENT, WA 98032
(206) 477-1567

1.      The State's Complaint for Injunction, Civil Penalties, and Other Relief Under the Washington State Consumer Protection Act, RCW 19.86 *et seq*.;

2.      The State's Motion for Preliminary Injunction;

3.      Declaration of Michael Steven Weisbach in Support of the State's Motion for Preliminary Injunction and exhibits thereto;

4.      Declaration of Amy N.L. Hanson in Support of the State's Motion for Preliminary Injunction and exhibits thereto;

5.      Defendant The Kroger Co.'s Opposition to the State's Motion for Preliminary Injunction;

6.      Declaration of Gary Millerchip in Opposition to the State's Motion for Preliminary Injunction and exhibits thereto;

7.      Declaration of Christopher Wyant in Opposition to the State's Motion for Preliminary Injunction and exhibits thereto;

8.      Albertsons Companies, Inc.'s Memorandum of Law in Opposition to the State's Motion for Preliminary Injunction;

9.      Declaration of Sharon McCollam and exhibits thereto;

10.     Declaration of Edward D. Hassi and exhibits thereto;

11.     Declaration of Professor David C. Smith;

12.     State of Washington's Reply in Support of Its Motion for Preliminary Injunction;

13.     Supplemental Declaration of Michael Steven Weisbach in Support of Motion for Preliminary Injunction;

14.     Brief for the State of Oregon as Amicus Curiae in Support of the State of Washington's Complaint for Injunction;

ORDER - 2

JUDGE KEN SCHUBERT
KING COUNTY SUPERIOR COURT
401 FOURTH AVENUE NORTH, ROOM 2D
KENT, WA 98032
(206) 477-1567

15.     Second Supplemental Declaration of Michael Steven Weisbach in Support of Motion for Preliminary Injunction;

16.     State of Colorado's Amicus Curiae Brief with exhibits thereto; and

17.     Evidence presented at the hearing on December 7, 2022.

## FINDINGS OF FACT

1.     Albertsons is a grocery retailer that operates over 200 stores in Washington under the banners Albertsons, Safeway, and Haggen.

2.     Kroger is a grocery retailer that operates 54 QFCs and 33 Fred Meyer stores in the Puget Sound area alone.

3.     Albertsons and Kroger are direct competitors who compete in Washington State communities for customers, and competition is based, in part, on factors that include store conditions, product quality, prices, service, convenience, and selection.

4.     Albertsons and Kroger are direct competitors who compete in Washington State communities for workers, and competition is based, in part, on factors that include wages and benefits.

5.     Together, Albertsons and Kroger collectively own and operate almost 350 grocery stores in Washington State.

6.     On September 7, 2021, Albertsons hired Sharon McCollam as its President and Chief Financial Officer. Soon after that hiring Ms. McCollam led internal discussions on how to return capital to shareholders.

7.     On February 28, 2022, Albertsons issued an 8-K announcement that it was undertaking a comprehensive review of strategic initiatives. Those initiatives contemplated a return of capital to shareholders in the form of either a tender offer (stock buy-back) or a special dividend.

ORDER - 3

8.      Albertsons would have preferred to implement a tender offer for a number of reasons outlined by Goldman Sachs and CreditSuisse. Ex. 16 (ACI_DCCID-00000068, at -085).

9.      In June of 2022, Kroger expressed an interest in acquiring Albertsons through a merger. Albertsons would not be able to move forward with both a tender offer and the merger due to concerns of a SEC violation. As a result, Albertsons would only be able to return capital to its shareholders through a special dividend if it wanted to move forward with the merger.

10.      The negotiations between Albertsons and Kroger recognized Albertsons' intent to return capital and Albertsons informed Kroger of its interest in issuing a special dividend. Kroger negotiated to limit the size of the special dividend to $4 billion. The parties did not agree that Albertsons would issue that special dividend nor did Kroger require Albertsons to do so. Kroger merely acquiesced to allow Albertsons to issue a special dividend if Albertsons, unilaterally, decided to do so. If Albertsons issued a special dividend, the parties' merger agreement accounted for the impact that disbursement had on Albertsons' value dollar for dollar.

11.      The merger agreement acknowledges that Albertsons may pay shareholders a "Pre-Closing Dividend" in an amount up to $4 billion, which is about $6.85 per share.

12.      To pay the dividend, Albertsons will use $2.5 billion of its $3 billion cash on hand and will also use about $1.5 billion of its line of credit. In an October 18, 2022 Form 10-Q filing with the SEC, Albertsons disclosed that "The Special Dividend . . . will be funded using approximately $2.5 billion of cash on hand with the remainder in borrowings." This will leave Albertsons with about $500 million of cash on hand and $2.6 billion remaining in its line of credit.

13.      The State failed to show that Albertsons's payment of the dividend will impair its ability to compete during regulatory review of the merger or harm competition in grocery retail markets in Washington State communities.

ORDER - 4

14.     The testimony of the respective Chief Financial Officers of Albertsons and Kroger, supported by the analysis of their financial advisors, establishes that Albertsons generates significant free cash flow, will continue to do so, and will also continue to be able to meet all of its capital and operational needs, even after payment of the special dividend.

15.     On November 1, 2022, the State filed a Complaint for Injunction, Civil Penalties, and Other Relief Under the Washington State Consumer Protection Act and a Motion for Temporary Restraining Order to enjoin Albertsons from distributing its shareholder dividend on November 7, 2022. The State alleges Defendants violated RCW 19.86.020 and RCW 19.86.030.

16.     The State provided due and proper notice to all parties before the Preliminary Injunction Hearing.

17.     On November 3, 2022, the Court Commissioner issued a temporary restraining order to remain in effect through the Court's hearing on the State's Motion for Preliminary Injunction, which this Court extended through December 9, 2022.

## CONCLUSIONS OF LAW

1.     Pursuant to RCW 19.86.080, the Court has jurisdiction over the parties to, and the subject matter of, this motion for preliminary injunction.

2.     Pursuant to CR 65, Defendants received adequate notice and opportunity to respond to the State's Motion for Preliminary Injunction.

3.     Pursuant to *Rabon v. City of Seattle*, 135 Wn.2d 278, 284 (1998), a party seeking a preliminary injunction must show (1) a clear legal or equitable right, (2) a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of have or will result in actual and substantial injury. "In deciding whether a party has a clear legal or equitable right, the court examines the likelihood that the moving party will prevail on the merits." *Id.* at 285.

ORDER - 5

JUDGE KEN SCHUBERT
KING COUNTY SUPERIOR COURT
401 FOURTH AVENUE NORTH, ROOM 2D
KENT, WA 98032
(206) 477-1567

4.      Based on the findings above, the State has failed to establish the factors necessary for the issuance of a preliminary injunction. The State has not established a likelihood that it will be able to prove at trial that Albertsons and Kroger made an agreement in unreasonable restraint of trade or commerce in violation of RCW 19.86.030.

5.      The State has not established a likelihood that it will be able to prove at trial that Albertsons' payment of the Special Dividend is an unfair method of competition in violation of RCW 19.86.020.

6.      Considering equity, including the balance of the relative interests of the parties and the interests of the public, does not warrant entry of a preliminary injunction.

7.      Despite denying a preliminary injunction, a Court may find good cause to extend the current TRO to allow the unsuccessful party an opportunity to appeal its ruling. *See e.g.*, *Seiu Healthcare 775NW v. State, Dep't of Soc. & Health Servs.*, 193 Wn. App. 377, 390, 377 P.3d 214, 220 (2016) ("Therefore, the trial court denied SEIU's motions for a preliminary and permanent injunction. However, the trial court found good cause to extend the current TRO until November 5 to allow SEIU to appeal its ruling."). Good cause exists because denying the preliminary injunction without extending the TRO would allow Albertsons to immediately issue the special dividend without recourse from the State. This Court will extend the TRO until December 19, 2022. *See also* RCW 7.40.210 (providing for the suspension of an order dissolving an injunction upon the filing of a motion to reinstate the order).

**ORDER**

Based on the above findings, IT IS HEREBY ORDERED as follows:

1.      The State of Washington's Motion for Preliminary Injunction is DENIED;

2.      The TRO is extended until 4:30 pm on December 19, 2022.

ORDER - 6

JUDGE KEN SCHUBERT
KING COUNTY SUPERIOR COURT
401 FOURTH AVENUE NORTH, ROOM 2D
KENT, WA 98032
(206) 477-1567

1    Dated this 9th day of December, 2022.

2
                                    E-signature on last page.
3                                   JUDGE KEN SCHUBERT

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 7

# King County Superior Court
## Judicial Electronic Signature Page

Case Number:        22-2-18046-3
Case Title:         STATE OF WASHINGTON VS ALBERTSONS COMPANIES INC
                    ET AL
Document Title:     ORDER  RE DENYING PRELIMINARY INJUNCTION


Signed By:          Kenneth Schubert
Date:               December 09, 2022

Judge：  Kenneth Schubert


This document is signed in accordance with the provisions in GR 30.

Certificate Hash:            20DA9CAD30E9A356B2B090778A254A4188865BEC
Certificate effective date:  11/13/2018 11:21:11 AM
Certificate expiry date:     11/13/2023 11:21:11 AM
Certificate Issued by:       C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                             O=KCDJA, CN="Ken Schubert:
                             EPj/VAvS5hGqrSf3AFk6yQ=="