### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **THE KROGER CO.,** *et al.*, <br><br> **Defendants.** | **Case No. 1:22-cv-3357 (CJN)** |

### PLAINTIFFS' MOTION FOR
### A TEMPORARY INJUNCTION PENDING APPEAL AND
### <u>MEMORANDUM OF LAW IN SUPPORT</u>

Pursuant to Federal Rule of Civil Procedure 62(d), Plaintiffs the District of Columbia, the State of California, and the State of Illinois ("Plaintiffs") move this Court for a temporary injunction pending appeal of this Court's December 12, 2022 denial of Plaintiffs' Motion for a Preliminary Injunction ("PI Motion") [ECF No. 56]. The injunction is necessary ensure Albertsons Companies, Inc. ("Albertsons") does not issue the "special cash dividend" ("Special Dividend") it announced in connection with a proposed merger with the Kroger Co. ("Kroger") before the appellate court can consider the merits of the case. Plaintiffs file the instant motion to avoid their forthcoming appeal from being mooted by Albertsons' paying the Special Dividend before a ruling by the U.S. Court of Appeals for the District of Columbia Circuit.

A Washington State court has extended the TRO there until December 19, 2022, so that Washington can appeal. [ECF No. 61-1 at 3] That deadline may pass before the Court of Appeals for the District of Columbia Circuit rules on Plaintiffs' forthcoming appeal from the denial of the PI Motion, and even before the Circuit has time to consider any related emergency motion for

injunctive relief pending appeal. For reasons already stated in Plaintiffs' prior briefing, payment of the Special Dividend is effectively irreversible and thus could moot Plaintiffs' appeal. Plaintiffs therefore ask that the Court enter an injunction preventing Albertsons from paying the Special Dividend pending the resolution of any timely appeal of the Court's decision. In the alternative, Plaintiffs request a short administrative injunction lasting two weeks to allow the Court of Appeals for the District of Columbia Circuit to properly consider a motion for an injunction pending appeal.  A Proposed Order is submitted herewith.

## I.   **ARGUMENT**

"To assess the propriety of . . . an injunction pending appeal, the Court looks to four factors: '(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.'" *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, No. CV 16-1534 (JEB), 2017 WL 1402139, at *1 (D.D.C. Mar. 14, 2017) (quoting *Cuomo v. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)); *see also Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842-44 (D.C. Cir. 1977). Plaintiffs satisfy all four factors.

First, Plaintiffs are likely to prevail on the merits. Among other things, Kroger and Albertsons ("Defendants") (1) announced the Special Dividend in a joint press release (2) containing language both approved (3) on the same day they announced the merger (4) in an amount that Kroger negotiated with Albertsons (5) in what Kroger, its financial advisers, and at least one of Albertsons' large, controlling shareholders considered an up-front, partial payment of the merger consideration. These facts relating to the Special Dividend, together with other

terms Defendants agreed to restricting Albertsons' ability to restore lost liquidity and memorialized in the Merger Agreement, amount to concerted action under the Sherman Act, 15 U.S.C. § 1, which Plaintiffs have shown is likely to rob Albertsons of the liquidity it needs to compete as effectively as it does today. *See* PI Motion and reply thereto [ECF Nos. 56 & 62-1]. Plaintiffs' corporate finance expert, Professor Michael Weisbach, has submitted two declarations supporting Plaintiffs' theory of competitive harm, to which Albertsons has only offered the shifting explanations of its CFO and expert. [ECF Nos. 56-1 & 63-1].

Indeed, even though this Court disagrees with Plaintiffs' arguments on the merits, at the very least they raise a substantial legal question worthy of deliberative investigation and review by the Court of Appeals. In similar circumstances, courts have not hesitated to grant a stay pending appeal. *See, e.g.*, *Ctr. For Int'l Env't L. v. Off. of U.S. Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (Friedman, J.) (granting conditional stay pending appeal where movant "demonstrated a substantial case on the merits and <u>irreparable harm in the absence of a stay</u>" (internal quotation marks omitted)(emphasis added)); *John Doe Co. v. CFPB*, 235 F. Supp. 3d 194, 206 (D.D.C. 2017) (Contreras, J.) (granting "a narrow injunction preserving [appellant's] ability to petition the D.C. Circuit for a stay" where movant "raises a novel legal question"); *SEC v. Am. Int'l Grp., Inc.*, No. 04-2070, 2012 WL 13069993, at *1 (D.D.C. May 8, 2012) (Kessler, J.) ("The moving party is not required to show that it is assured of success on appeal. Rather, it can satisfy the first factor by raising in its appeal 'questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977))).

Second, Plaintiffs will suffer an irreparable injury if this Court does not enjoin payment, because Albertsons has indicated that it would issue the Dividend the first chance it gets, which would moot the appeal. *Michigan Gambling Opposition v. Norton*, No. 05-01181, 2007 WL 9771122, at *1 (D.D.C. Mar. 5, 2007) (Penn, J.) (nonmovants reinforced the "imminence" of the harm "by indicating their unwillingness, without immediate judicial intervention, to relent from" their chosen course of action); *Ctr. For Int'l Env't L. v. Off. of U.S. Trade Representative*, 240 F. Supp. 2d 21, 22-23 (D.D.C. 2003) (movant "made a strong showing of irreparable harm" where absence of a stay "will render any appeal moot" and thus be a "de facto deprivation of the basic right to appeal").

The only impediment to Albertsons' paying the Dividend is the temporary restraining order in a similar action, brought by the Washington State Attorney General, which is set to expire at 4:30 pm Pacific time on December 19, *see* Order [ECF No. 61-1] at 3. If the Washington TRO expires without action by the Washington Supreme Court, Albertsons will pay the Special Dividend. Albertsons has not contested that once the Special Dividend is paid, it would be highly impractical, if not impossible to claw back, and even if it did eventually, consumers in the Plaintiff States likely will have been irreparably injured in the interim from the loss of competition.

Third, the risk of harm to others if this Court enjoins payment of the Special Dividend pending appeal is negligible and unsubstantiated. Albertsons has articulated two potential harms to itself if it is prohibited from paying the Dividend: that its shareholders would sue it, and that investors would lose confidence in it if it did not pay the Special Dividend. Albertsons has not identified ***any*** evidence that it has suffered either harm, despite its claims that both are certain to occur if this Court simply agrees to do what the court in Washington State did a month ago,

which is to temporarily enjoin the payment. If these claimed harms were non-speculative, Albertsons would have already suffered them.

Finally, an injunction will further the public interest by enabling Plaintiffs to preserve competition that will be lost if the Special Dividend is paid.

## II.   **CONCLUSION**

For the foregoing reasons the Court should enter a temporary injunction preventing Albertsons from paying its Special Dividend pending Plaintiffs' appeal to the Court of Appeals for the District of Columbia Circuit. In the alternative, the Court should grant a short administrative injunction lasting two weeks to allow the Court of Appeals for the District of Columbia Circuit to properly consider a motion for an injunction pending appeal, which Plaintiffs plan to file promptly.

Dated: December 12, 2022                    Respectfully submitted,

                                           KARL A. RACINE
                                           Attorney General for the District of Columbia

                                           KATHLEEN KONOPKA
                                           Senior Advisor to the Attorney General
                                           for Competition Policy

                                           */s/ Adam Gitlin*
                                           ADAM GITLIN
                                           Chief, Antitrust and Nonprofit Enforcement Section

                                           */s/ C. William Margrabe*
                                           GEOFFREY COMBER
                                           C. WILLIAM MARGRABE
                                           ELIZABETH ARTHUR

                                           Assistant Attorneys General
                                           Office of the Attorney General
                                           400 6th Street NW, Suite 10100
                                           Washington, D.C. 20001
                                           (202) 735-7516
                                           Will.Margrabe@dc.gov


                                           **FOR PLAINTIFF STATE OF CALIFORNIA**

                                           **ROB BONTA**
                                           **Attorney General of California**
                                           KATHLEEN E. FOOTE
                                           Senior Assistant Attorney General
                                           NATALIE S. MANZO
                                           Supervising Deputy Attorney General

                                           */s/ Paula Lauren Gibson*
                                           PAULA LAUREN GIBSON
                                           Deputy Attorney General
                                           California State Bar Number 100780
                                           300 S Spring Street, Suite 1702
                                           Los Angeles, CA 90013
                                           Telephone: (213) 269-6040
                                           paula.gibson@doj.ca.gov

6

**FOR THE STATE OF ILLINOIS**

**KWAME RAOUL**
**Attorney General**

/s/ *Elizabeth L. Maxeiner*
ELIZABETH L. MAXEINER
Bureau Chief, Antitrust
PAUL J. HARPER
BRIAN M. YOST
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, IL 60601
(773) 590 6837
paul.harper@ilag.gov

## DUTY TO CONFER UNDER D.D.C. RULE 7(m)

Pursuant to D.D.C. Rule 7(m), Plaintiffs requested Defendants' consent to the relief sought, which Defendants denied.

## **CERTIFICATE OF SERVICE**

This will certify that on today's date, I filed the foregoing papers using the Court's

CM/ECF system, which served the foregoing on all counsel of record.


December 12, 2022                              */s/ Adam Gitlin*
                                               ADAM GITLIN