**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DISTRICT OF COLUMBIA, STATE OF CALIFORNIA, and STATE OF ILLINOIS, | |
| Plaintiffs, | Case No. 1:22-cv-3357-CJN |
| v. | |
| THE KROGER CO., and ALBERTSONS COMPANIES, INC., | |
| Defendants. | |

**DEFENDANT THE KROGER CO.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY INJUNCTION PENDING APPEAL**

The Kroger Co. ("Kroger") respectfully submits this Memorandum in Opposition to Plaintiffs' Motion for a Temporary Injunction Pending Appeal and Memorandum of Law in Support ("Pls.' Mot.") (ECF No. 66) submitted by the District of Columbia, the State of California, and the State of Illinois ("Plaintiffs").

## INTRODUCTION

This Court has twice denied Plaintiffs' requests for injunctive relief, applying the same four-factor test both times.  In declining to enter either a temporary restraining order or a preliminary injunction, the Court held that Plaintiffs "failed to demonstrate that they were likely to succeed on two elements of their Section 1 claim: (1) that Kroger and Albertsons had entered into an 'agreement' to pay the Pre-Closing Dividend, and (2) that payment of the dividend would likely have anticompetitive effects."  Order Denying Prelim. Inj. at 1 (ECF No. 65) (citations omitted); *see also* Order Denying TRO at 1 (ECF No. 50).  In this most recent motion, Plaintiffs ask this Court yet again for temporary injunctive relief so that they can ask the D.C. Circuit to stop Albertsons Co., Inc. ("Albertsons") from paying a special dividend to its shareholders.  Pls.' Mot. at 1.  Applying substantially the same four-factor test, this Court should decline Plaintiffs' request a third time.  Plaintiffs offer nothing new to support the argument that their unprecedented antitrust theory is likely to succeed on the merits.

To the contrary, in the short time since Plaintiffs filed their last motion, another court has resoundingly confirmed this Court's conclusions after a full evidentiary hearing, finding:  "The parties did not agree that Albertsons would issue that special dividend nor did Kroger require Albertsons to do so."  Order, *Washington v. Albertsons Companies, Inc., et al.*, No. 22-2-18046-3 SEA, at 4 (Wash. Super. Ct. Dec. 9, 2022) ("Washington Order") (ECF No. 61-1).  Plaintiffs cannot offer a plausible alternative interpretation of the evidence in this case, and they have fallen far short of the "clear showing" necessary to establish entitlement to the "exceptional remedy" of

an injunction pending appeal. *John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1131 (D.C. Cir. 2017).

Finally, the remaining three factors necessary for an injunction pending appeal—which mirror the factors for a temporary restraining order and a preliminary injunction—weigh heavily in favor of denying relief, as this Court has already recognized. And Plaintiffs' nearly month-long delay between this Court's TRO decision and their renewed Preliminary Injunction motion undercuts the urgency that they now assert. This Court should deny Plaintiffs' request for an injunction pending appeal.

## **LEGAL STANDARD**

"An injunction pending appeal is an 'extraordinary remedy.'" *Republican Nat'l Comm. v. Pelosi*, No. 22-cv-659, 2022 WL 1604670, at *2 (D.D.C. May 20, 2022) (quoting *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 324 (D.D.C. 2018)). "Because it is 'an intrusion into the ordinary process[es] of administration and judicial review,' it is 'not a matter of right, even if irreparable injury might otherwise result to the appellant.'" *Id.* (quoting *Nat'l Ass'n of Mfrs. v. NLRB*, No. 11-cv-1629, 2012 WL 1929889, at *1 (D.D.C. Mar. 7, 2012)). "The standards for evaluating a motion for an injunction pending appeal are 'substantially the same as those for issuing a preliminary injunction.'" *Alcresta Therapeutics, Inc.*, 318 F. Supp. 3d at 324 (quoting *Amgen Inc. v. Azar*, No. 17-cv-1006, 2018 WL 1990521, at *1 (D.D.C. Feb. 22, 2018)). As such, a plaintiff seeking an injunction pending appeal "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Amgen Inc.*, 2018 WL 1990521, at *1 (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

## ARGUMENT

Plaintiffs "ha[ve] not satisfied the stringent requirements for an injunction pending appeal." *Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 877 F.3d 1066, 1066 (D.C. Cir. 2017). They continue to stumble at the first step in the face of two separate courts that have determined that Plaintiffs' claims are not likely to succeed on the merits. Moreover, Plaintiffs "cannot show that 'three [non-merits] factors tip sharply in the movant's favor,' as required before a court can even arguably relax the likelihood of success on the merits standard." *MediNatura, Inc. v. FDA*, No. 20-cv-2066, 2021 WL 1025835, at *7 (D.D.C. Mar. 16, 2021) (quoting *In re Special Proc.*, 840 F. Supp. 2d 370, 372 (D.D.C. 2012)).

## I.     Plaintiffs Cannot Establish Likely Success on the Merits

This Court has already held twice that Plaintiffs cannot establish likely success on the merits. It should do so a third time.

***First***, Plaintiffs recite the same evidence to this Court yet again. Pls.' Mot. at 2-3. But as this Court already held, that evidence "failed to demonstrate an agreement or conspiracy between Kroger and Albertsons to pay the preclosing dividend to Albertsons' shareholders and/or an agreement to make Albertsons 'cash poor.'" TRO Hr'g Tr. at 66:15-18; *see also* Order Denying Prelim. Inj. at 1-2. In fact, this Court found "*no evidence*" of an agreement to pay the dividend, instead holding that the evidence "point[ed] to an *independent* decision by Albertsons to return value to its shareholders." TRO Hr'g Tr. at 66:19-22 (emphases added). Despite Plaintiffs' efforts, the Court was "not persuaded" by the attempt to re-litigate substantially the same evidence at the preliminary injunction stage. Order Denying Prelim. Inj. at 2. In fact, far from supporting Plaintiffs' claim, the only new development since Plaintiffs' last motion is a ruling from the King County Superior Court in Washington denying a preliminary injunction following an evidentiary

hearing, which aligns with this Court's view of the evidence and the law.  *See* Washington Order at 6.

**Second**, Plaintiffs argue that, even if they are unlikely to succeed on the merits (as this Court already has held), they can nonetheless demonstrate a "substantial legal question" that might warrant an injunction pending appeal.  Pls.' Mot. at 3.  To begin, that standard is inconsistent with the Supreme Court's decision in *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7 (2008).  In *Winter*, the Court rejected the "so-called 'sliding-scale' approach to weighing the four preliminary injunction factors, which 'allow[s] that a strong showing on one factor could make up for a weaker showing on another.'"  *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 7 (D.C. Cir. 2016) (citation omitted); *see also Alcresta Therapeutics, Inc.*, 318 F. Supp. 3d at 324 (questioning whether sliding-scale approach remains valid post-*Winter*); *Davis v. PBGC*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring) ("In light of the Supreme Court's recent decisions, I tend to agree . . . that the old sliding-scale approach to preliminary injunctions—under which a very strong likelihood of success could make up for a failure to show a likelihood of irreparable harm, or vice versa—is no longer controlling, or even viable." (quotation marks omitted)).  In other words, after *Winter*, if Plaintiffs cannot demonstrate a likelihood of success on the merits (and they cannot), their motion should be denied, irrespective of the other factors.

**Third**, even if the serious-legal-question standard were still good law, Plaintiffs' appeal does not come close to meeting that standard.  A "'serious legal question' . . . is one that is 'so serious, substantial, difficult and doubtful' as to make it a 'fair ground for litigation and thus for more deliberate investigation.'"  *Republican Nat'l Comm.*, 2022 WL 1604670, at *3 (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)).  "Characteristics of a serious legal question include that the question is complicated; that it presents

an issue of first impression involving the application of a recent Supreme Court decision in the context of earlier pronouncements that bear on the issue from the Circuit; and that the question is one for which persuasive authority supports the movant's position." *Id.* (quotation marks and citations omitted). "On the other hand, a serious legal question is absent when, for example, there is a dearth of authority supporting the movant's position and binding precedent undercuts it." *Id.* (quotation marks and citation omitted).

Plaintiffs offer no authority—persuasive or otherwise—suggesting that they meet this high standard. *See id.* The reality is that, at no point in this litigation have Plaintiffs cited a single case allowing a Section 1 claim to proceed based on a public corporation's decision to issue a dividend to its shareholders. Indeed, Plaintiffs have not cited any cases involving remotely analogous circumstances, instead relying largely on merger case law. To the extent this case "raises a novel legal question," Pls.' Mot. at 3 (quoting *John Doe Co.*, 235 F. Supp. 3d at 206), it is novel only in the sense that no one has conceived of bringing Plaintiffs' attenuated theories as antitrust claims before.

In contrast, applying established antitrust principles, both this Court and the Washington Superior Court have examined the evidence and concluded that there is no likelihood of success on the merits. These holdings reflect longstanding Supreme Court precedent, which explains that acquiescence (in the absence of coercion) does not amount to an agreement or concerted action under the antitrust laws. *Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 761 (1984) (holding that "a distributor is free to acquiesce in the manufacturer's demand in order to avoid termination" without violating Section 1 of the Sherman Act). In this court (as in Washington), Plaintiffs have produced evidence showing, *at most*, that Kroger acquiesced in Albertsons' decision to pay a Special Dividend; they have not even tried to prove (and indeed have never

5

argued or alleged) that either party was coerced.  Accordingly, "there is a dearth of authority supporting [Plaintiffs'] position" and, as this Court correctly held, "binding precedent undercuts it." *Republican Nat'l Comm.*, 2022 WL 1604670, at *3 (quotation marks and citation omitted).

## II.     Plaintiffs Cannot Demonstrate Irreparable Harm

Plaintiffs cannot demonstrate irreparable harm, let alone a "threat of irreparable harm . . . so grave . . . that an injunction pending appeal . . . [is] proper." *Republican Nat'l Comm.*, 2022 WL 1604670, at *3 (quoting *MediNatura, Inc.*, 2021 WL 1025835, at *6).  As this Court held at the TRO Hearing—a ruling that it incorporated by reference in its order denying Plaintiffs' motion for a preliminary injunction—Plaintiffs have failed to establish irreparable harm absent injunctive relief.  TRO Hr'g Tr. at 72:21-73:23; Order Denying Mtn. for Prelim. Inj. at 4-5.  The payment of a Pre-Closing Dividend would not "result in a lessening of competition"—the only purported irreparable harm that Plaintiffs asserted and continue to assert.  TRO Hr'g Tr. at 73:3-4.

## III.    Plaintiffs' Request Is Neither Equitable nor in the Public Interest

This Court has also twice rejected the argument that the balance of equities weigh in Plaintiffs' favor at all, let alone "decisively." *Republican Nat'l Comm.*, 2022 WL 1604670, at *3 (quoting *MediNatura, Inc.*, 2021 WL 1025835, at *6).  At the TRO Hearing, this Court did not identify *any* public harms arising from the Pre-Closing Dividend but noted that a TRO would harm Albertsons and its shareholders.  *See* TRO Hr'g Tr. at 73:10-23.  The Court incorporated this finding by reference in its order denying Plaintiffs' motion for a preliminary injunction.  *See* Order Denying Mot. for Prelim. Inj. at 4.  The same logic applies equally here.

If anything, the balance of the equities now tips even further in Defendants' favor. Plaintiffs waited nearly a month after this Court's TRO ruling to file their Motion for a Preliminary Injunction.  Yet they nonetheless ask the parties and this Court to address their motions on a

perpetual "emergency" basis.   In fact, Plaintiffs' most recent motion asks for a two-week administrative injunction, thereby ensuring that their self-imposed "emergency" continues through the winter holidays, to December 26, 2022.  Enough is enough.  Plaintiffs motion is not likely to succeed, the Dividend will cause no irreparable harm, and it is not in the public interest to continue this litigation any further.

## **CONCLUSION**

For these reasons, Plaintiffs' request for a temporary injunction pending appeal should be denied.


Dated: December 14, 2022


Respectfully submitted,


*/s/ Sonia Pfaffenroth*
Sonia K. Pfaffenroth
Matthew M. Wolf (*pro hac vice*)
Michael B. Bernstein
Jason Ewart
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Phone: (202) 942-5000
Fax: (202) 942-5999
E-mail:  michael.b.bernstein@arnoldporter.com
        matthew.wolf@arnoldporter.com
        sonia.pfaffenroth@arnoldporter.com
        jason.ewart@arnoldporter.com

By:   *Mark Perry*
Mark A. Perry
Drew Tulumello
Jeffrey Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600

7

Washington, DC  20036
Phone: (202) 682-7511
Fax: (202) 857-0940
E-mail: mark.perry@weil.com

Adam B. Banks  (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Phone: (212) 310-8000
Fax: (212) 310-8007
Email: adam.banks@weil.com

*Attorneys for Defendant The Kroger Co.*