**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| DISTRICT OF COLUMBIA, et al., |
| *Plaintiffs*, |
| v. |
| KROGER CO., et al., |
| *Defendants*. |

Civil Action No. 1:22-cv-03357 (CJN)

<u>**ORDER DENYING MOTION FOR TEMPORARY INJUNCTION PENDING APPEAL**</u>

This matter is before the Court on Plaintiffs' Motion for a Temporary Injunction Pending Appeal, ECF No. 66 ("Mot. for Inj."). For the reasons stated below (and incorporating the Court's prior decisions in this matter), the Court denies Plaintiffs' Motion.

The Court has twice denied Plaintiffs' requests to enjoin the payment of a dividend (referred to as the "Pre-Closing Dividend") by Defendant Albertsons to its shareholders. First, on November 8, 2022, based on the Parties' written submissions and following a hearing, the Court denied Plaintiffs' Motion for a Temporary Restraining Order. Order Denying Motion for Temporary Restraining Order, ECF No. 50. The Court held that Plaintiffs had failed to demonstrate that they were likely to succeed on two elements of their Section 1 claim: (1) that Kroger and Albertsons had entered into an "agreement" to pay the Pre-Closing Dividend, TRO Hr'g Tr., ECF No. 64, at 66:13–69:17, and (2) that payment of the dividend would likely have anticompetitive effects, *id.* at 69:18–72:20. The Court also held that Plaintiffs failed to demonstrate irreparable harm absent a temporary restraining order. *Id.* at 72:21–73:5.

Second, on December 12, 2022, the Court denied Plaintiffs' Motion for a Preliminary Injunction seeking the same relief (which Plaintiffs filed more than three weeks after the Court's

earlier order).  Plaintiffs largely repeated many of their earlier arguments, but also urged the Court to reconsider its previous decision based on certain new evidence.  *See* Pls.' Mot. for Prelim. Inj., ECF No. 54, at 2.  The Court was unpersuaded by the new evidence and determined that Plaintiffs had still failed to show either a likelihood of success on their claims or irreparable harm, and therefore were not entitled to a preliminary injunction.  *See* Order Denying Mot. for Prelim. Inj., ECF No. 69 ("Order"), at 2–4.

Plaintiffs have appealed that Order, *see* ECF No. 67, and ask the Court to enjoin the payment of the Pre-Closing Dividend for the pendency of that appeal.  *See* Mot. for Inj., ECF No. 66.  Plaintiffs argue that although a Washington State Court has enjoined payment of the Pre-Closing Dividend until December 19, 2022, the Court of Appeals here may not be able to pass on their appeal or any related emergency motion for injunctive relief before that date.  *Id.* at 1–2. Plaintiffs argue that "at the very least they raise a substantial legal question worthy of deliberative investigation and review by the Court of Appeals," and that "[i]n similar circumstances, courts have not hesitated to grant a stay pending appeal."  *Id.* at 3.  Plaintiffs further argue that payment of the Dividend is "effectively irreversible and thus could moot Plaintiffs' appeal."  *Id.* at 2.

"Under Federal Rule of Civil Procedure 62(d), the Court 'may . . . grant an injunction' while 'an appeal is pending' from a 'final judgment that . . . refuses . . . an injunction.'" *Republican Nat'l Comm. v. Pelosi*, No. 22-659, 2022 WL 1604670, at *2 (D.D.C. May 20, 2022) (quoting Fed. R. Civ. P. 62(d)).  Such an injunction is an "extraordinary remedy" and "[b]ecause it is an intrusion into the ordinary process[es] of administration and judicial review, it is not a matter of right, even if irreparable injury might otherwise result to the appellant."  *Id.* (internal quotations omitted).  "[T]he moving party bears the burden of showing that this remedy is warranted."  *Id.*  And although the remedy is "extraordinary," the standards by which a Court

evaluates a motion for an injunction pending appeal are "substantially the same as those for issuing a preliminary injunction, meaning that the movant generally must establish that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest." *Id.* (internal quotations omitted).

Although the Court has twice denied Plaintiffs' requests for injunctive relief, the plain language of Rule 62(d) does contemplate "situations in which a district court that has just denied an injunction still grants an injunction pending appeal." *Id.* at *3. So, "in 'at least some circumstances' an injunction pending appeal 'may be appropriate' even if the court that just denied injunctive relief 'believe[s] its analysis' in denying that relief 'is correct' such that the movant cannot show a likelihood of success." *Id.* (quoting *MediNatura, Inc. v. Food & Drug Admin.*, No. 20-2066, 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021)).[1] "Accordingly, 'in rare cases, the threat of irreparable harm may be so grave and the balance of equities may favor' the movant 'so decisively that an injunction pending appeal . . . may be proper,' even without a likelihood of success on the merits, so long as the movant establishes a 'serious legal question' on the merits and shows that 'the other three factors tip sharply' in its favor." *Republican Nat'l Comm.*, 2022 WL 1604670, at *3 (quoting *MediNatura*, 2021 WL 1025835, at *6). One such case may be "where, in the absence of such an injunction, the subject matter of the dispute will be destroyed or

---

[1] The parties disagree regarding the precise standard for injunctions pending appeal. *Compare* Mot. for Inj. at 3 (arguing that the Court should grant the Motion because Plaintiffs "raise a substantial legal question worthy of deliberative investigation and review by the Court of Appeals"), *with* Kroger Opp'n to Mot. For Inj., ECF No. 70, at 4 (arguing that the substantial-legal-question standard is inconsistent with *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Because Plaintiffs fail under either standard, the Court applies the standard more friendly to the Plaintiffs.

otherwise altered in a way that moots the pending appeal." *See MediNatura*, 2021 WL 1025835, at *6.

The Court is not persuaded that this is such a case. The Court acknowledges the possibility that, absent an injunction, Albertsons will pay the Pre-Closing Dividend during the pendency of Plaintiffs' appeal and "effectively . . . moot" the appeal. *See* Mot. for Inj. at 2. But Plaintiffs have neither "establishe[d] a 'serious legal question' on the merits" or "show[n] that 'the other three factors tip sharply' in [their] favor." *See Republican Nat'l Comm.*, 2022 WL 1604670, at *2 (quoting *MediNatura*, 2021 WL 1025835, at *6).

As for the merits, rather than presenting a strong case or even a "serious legal question," *see id.* (internal quotations omitted), Plaintiffs' claims have substantial weaknesses. In particular, and as the Court has previously held, Plaintiffs have failed to demonstrate that Kroger and Albertsons entered into an "agreement" to pay the Pre-Closing Dividend, TRO Hr'g Tr. at 66:13–69:17; Order at 2–3, and the evidence upon which Plaintiffs rely "is more consistent with" the conclusion "that Albertsons made a unilateral decision to issue a special dividend to its shareholders than Plaintiffs' contention that it agreed with Kroger to do so," *see* Order at 3; *see also* TRO Hr'g Tr. at 66:19–22 ("[T]he evidence before the Court points to an independent decision by Albertsons to return value to its shareholders."). Moreover, as the Court has also held, Plaintiffs have failed to establish that payment of the dividend would likely have anticompetitive effects, TRO Hr'g Tr. at 69:18–72:20; Order at 3–4, including because "Albertsons's projected revenue is sufficient to satisfy its projected liquidity needs," *see* Order at 3; *see also* TRO Hr'g Tr. at 69:18–24 (there is "insufficient evidence that Albertsons will not be able to effectively compete, or [that payment] will otherwise restrain trade, during the pendency of the merger review"). And Plaintiffs do not argue in the present Motion that the question presented is "complicated," "presents

an issue of first impression," or that "persuasive authority supports [their] position"—and so have not demonstrated that their appeal presents a serious legal question. *See Republican Nat'l Comm.*, 2022 WL 1604670, at *3 (internal quotations omitted). The cases on which Plaintiffs rely, in contrast, all involved novel questions or issues of first impression. *See Ctr. For Int'l Env't L. v. Off. of U.S. Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (case presented "an issue of first impression . . . involv[ing] the application" of a recent decision of the Supreme Court); *John Doe Co. v. Consumer Fin. Prot. Bureau*, 235 F. Supp. 3d 194, 206 (D.D.C. 2017) (movants raised a "novel legal question"); *Sec. & Exch. Comm'n v. Am. Int'l Grp., Inc.*, No. 04-2070, 2012 WL 13069993, at *1 (D.D.C. May 8, 2012) (opinion involved "a novel application of the common law right of access to judicial records").

The other three factors do not "tip sharply" in Plaintiffs' favor. *See Republican Nat'l Comm.*, 2022 WL 1604670, at *3 (internal quotations omitted). True, the payment of the Pre-Closing Dividend would be hard (likely impossible) to undo. But for the same reasons that Plaintiffs have failed to show that payment of the Pre-Closing Dividend would likely harm competition, Plaintiffs have not proven that *consumers* will face irreparable harm as a result of the payment. *See, e.g.*, TRO Hr'g Tr. at 72:21–73:5; Order at 3–4; *see also* Mot. for Inj. at 4 (explaining that Plaintiffs' theory of irreparable harm is harm to competition). Because no harm to competition or consumers is likely, the potential economic harm to Albertsons—such as exposure to liability or discouraged investment—weighs against the injunction. *See* McCollam Decl., ECF No. 60-1, at ¶¶ 12–15. And without harm to consumers, Plaintiffs also cannot show that it is in the public interest to enjoin the payment of the Pre-Closing Dividend.

Finally, the Court notes that the only other court to consider a request to enjoin the Pre-Closing Dividend also declined to do so. *See* Washington Order, ECF No. 61-1. In particular, on

December 9, 2022, the Washington King County Superior Court concluded that Washington State had failed to demonstrate an agreement between Kroger and Albertsons to issue the Pre-Closing Dividend, *id.* at 5:7–13, and that the State had failed to show that payment of the Pre-Closing Dividend would harm Albertsons's ability to compete during the pendency of the merger or harm competition in the relevant grocery markets, *id.* at 5:21–23.

For these reasons, and the various reasons previously stated at the temporary restraining order hearing on November 8, 2022, *see* TRO Tr. Hr'g, ECF No. 64, and in the Order Denying the Motion for Preliminary Injunction, ECF No. 69, Plaintiffs have failed to establish that the Pre-Closing Dividend should be enjoined pending appeal.  Accordingly, it is

**ORDERED** that the Motion is DENIED.

DATE:  December 14, 2022

CARL J. NICHOLS
United States District Judge